UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7254 PA (FFMx) | Date | September 24, 2014 |
|---|---|---|---|
| Title | Andrew Davis v. Law Offices of Krista L. White & Assocs., P.S., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Julieta Lozano | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants Law Offices of Krista L. White & Associates, P.S. d/b/a Law Offices of Krista L. White & Associates, P.S., Inc. and Discover Bank ("Defendants") on September 17, 2014. Defendants assert that this Court has subject matter jurisdiction on the basis of the Court's federal question jurisdiction. (Notice of Removal ¶ 4.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, the Complaint contains a single cause of action for "violations of the Rosenthal Fair Debt Collection Practices Act ["RDFCPA"], California Civil Code § 1788, et seq." (Complaint at 3.) The Complaint alleges violations of Cal. Civ. Code § 1788.17 based on violations of 15 U.S.C. §§ 1692d, 1692e, and 1692f. (Complaint ¶ 19.) The Complaint also alleges that "Plaintiff is . . . entitled to the

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7254 PA (FFMx) | Date | September 24, 2014 |
|---|---|---|---|
| Title | Andrew Davis v. Law Offices of Krista L. White & Assocs., P.S., et al. | | |

remedies set forth in 15 U.S.C. section 1692k, pursuant to Civil Code section 1788.17" (Complaint ¶ 21); that "Plaintiff is entitled to recover reasonable attorney's fees and costs pursuant to Civil Code section 1788.30(c) and 15 U.S.C. section 1692k" (Complaint ¶ 22); and requests "attorney's fees, costs, and expenses incurred in the investigation, filing and prosecution of this action, pursuant to 15 U.S.C. section 1692k and Civil Code section 1788.30 . . . ." (Prayer for Relief ¶ 6.)

No federal claim is alleged. Contrary to Defendants' assertions, the Complaint does not "allege[] as basis [sic] of this action 15 U.S.C. Section 1692d, 1692e, 1692f, and 1692k." (Notice of Removal ¶ 4.) The Complaint clearly states that Plaintiff's action is based on Cal. Civ. Code § 1788.17, which provides that consumer debt collectors "shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." Courts have routinely held that the RDFCPA's references to federal law do not give rise to federal jurisdiction over RDFCPA claims. See, e.g., Ortega v. HomEq Servicing, No. CV 09-02130 MMM (DTBx), 2010 WL 383368, at *2 (C.D. Cal. Jan. 25, 2010) ("Since the provisions are incorporated in and made part of state law, referencing the federal statute does not automatically transform [plaintiff's] RFDCPA claim into a federal claim."); Cable v. Protection One, Inc., No. SACV 09-783 JVS (RNBx), 2009 WL 2970111, at *1 (C.D. Cal. Sept. 9, 2009) ("To whatever extent the RFDCPA imports elements of the FDCPA, it remains a state claim, and does not invoke federal policies of such significance to warrant federal question jurisdiction.") (citing Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 316, 318-319 (2005)). Here, the Complaint clearly prefaces its allegations regarding 15 U.S.C. §§ 1682d, 1692e, and 1692f with an explanation that "Defendants violated Civil Code section 1788.17 by" violating these sections. Although the Complaint does not consistently underscore that requests for remedies available under 15 U.S.C. § 1692k are based on the RDFCPA, the context of the Complaint makes clear that such relief is sought under Cal. Civ. Code § 1788.17.

For the foregoing reasons, Defendants have failed to meet their burden of showing that federal subject matter jurisdiction exists over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. BC 553024. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.